UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION
2013 NOV 13 PM 4: 18
SOUTHERN DIST.
OF INDIANA
LAURA A. [illegible]

| | |
|---|---|
| AMBRE BLENDS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No.: _____ |
| DOTERRA, INC. | ) |
| DOTERRA INTL., LLC, and | ) |
| KERRY DODDS d/b/a KERRY ESSENTIALS, | ) 1:13-cv-1813 SEB -DML |
| | ) |
| Defendants. | ) |

**COMPLAINT FOR DECLARATORY JUDGMENT, PRELIMINARY INJUNCTION, PERMANENT INJUNCTION, AND DAMAGES**

For its causes of action against Defendants, Plaintiff, Ambre Blends, LLC ("Ambre Blends") states as follows:

### Introduction

1. This is an action for injunction, damages, and other appropriate relief arising out of Defendants' violations of the Lanham Act, 15 U.S.C. §1114(a), 15 U.S.C. §1125(a) and, 15 U.S.C. §117(c), as well as Defendants' unfair competition.

2. Ambre Blends, as a holder of a federally registered trademark, seeks damages and relief to enjoin Defendants' wrongful use of Ambre Blends trademark in commerce.

### Parties, Jurisdiction, and Venue

3. Ambre Blends is an Indiana limited liability corporation organized and existing under the laws of the state of Indiana, with a registered address at 117 White Horse Lane, Fishers, IN 46038.

4. Ambre Blends is informed and believes that Defendant, doTerra, Inc. ("doTerra Inc."), is a Utah corporation and does business under the trade name doTerra with a registered address at 370 W. Center, Orem, UT 84057.

5. Ambre Blends is informed and believes that Defendant, doTerra, International, LLC ("doTerra, Intl."), is a Utah corporation and does business under the trade name doTerra with a registered address at 370 W. Center, Orem, UT 84057.

6. Ambre Blends is informed and believes that Defendant, Kerry Dodds d/b/a/ KerryEssentials ("Dodds"), is an Indiana resident, and resides at 6828 Cadwell Circle, Indianapolis, Indiana, 46237 and does business selling doTerra products throughout Indiana under the trade name KerryEssentials.

7. Ambre Blends is informed and believes that Defendants do business over the Internet from various interactive e-commerce websites, including, but not limited to, http://store.do-essential-oils.com/ , http://www.kerryessentials.com/, as well as through a national distribution network, selling products to customers across the United States, including Indiana.

8. Jurisdiction of this Court is based on 28 U.S.C. § 1338(a) and (b) (Acts of Congress pertaining to trademarks and related actions), 15 U.S.C. §1121 (United States Trademark Act), 28 U.S.C. §1331 (Federal Question), and 28 U.S.C. §1367 (Supplemental Jurisdiction), as well as the principles of pendent jurisdiction.

9. Venue is proper in this district under 28 U.S.C. §1391 (b) and (c).

**Factual Allegations**

10. Ambre Blends incorporates by reference the allegations in paragraphs 1 - 9 above as if separately repeated here.

11. Ambre Blends is the owner of a federally registered trademark, SOLACE® (U.S. Reg. No. 4266473) (the "SOLACE® Trademark").

12. The SOLACE® Trademark has been continuously used in commerce since at least as early as February, 2007.

13. Ambre Blends's SOLACE® Trademark covers the following goods: "Aromatic preparations, namely, oils, body creams, body sprays, soaps, shower gel; Beauty creams; Body and beauty care cosmetics; Body cream; Body sprays; Essential oils for use in aromatherapy; Essential oils for use in manufacturing of candles, lip balm, shower gel, shampoo, conditioner; Face and body lotions; Non-medicated skin creams with essential oils for use in aromatherapy; Oils for perfumes and scents; Perfume; Perfume oils; Perfumed creams; Perfumed soaps; Scented body spray; Skin soap."

14. Ambre Blends's SOLACE® Trademark is non-functional.

15. Ambre Blends's SOLACE® Trademark is in full force and effect.

16. Ambre Blends conducts its business using the SOLACE® Trademark in Indiana as well as throughout the United States of America.

17. Ambre Blends has priority of use over Defendants with respect to the SOLACE® Trademark.

18. Ambre Blends's use of the SOLACE® Trademark distinguishes its goods from similar or identical goods sold by others, including competitors, and specifically Defendants.

19. The SOLACE® Trademark is distinctive and/or has developed secondary meaning and significance in the minds of the purchasing public.

20. The SOLACE® Trademark has become valuable due, at least in part, to the goodwill and recognition earned as a result of Ambre Blends's sales and advertising efforts.

21. Defendants are engaged in the business of, among other things, advertising, selling, and providing goods under the trademark SOLACE, including aromatic preparations, essential oils, and/or non-medicated beauty and hygiene products, that are similar or identical to essential and/or aromatic oil based products provided by Ambre Blends under the SOLACE® Trademark, throughout the United States, and specifically in Indiana.

22. Defendants have advertised and sold a line of essential and/or aromatic oil based products under the term SOLACE, a term that is both visually and phonetically similar and/or identical to the SOLACE® Trademark, throughout the United States, and specifically in Indiana, since at least as early as 2011.

23. Upon information and belief, Defendants have committed these acts in bad faith.

24. Defendants have not in any way received permission from Ambre Blends to use the SOLACE® Trademark.

25. The Parties' respective SOLACE marked products, including their respective trade dress, appear as follows:



Ambre Blends' SOLACE® oil (above)



doTerra's SOLACE branded oil.

26. Defendants publically and commercially identified the SOLACE mark as a doTerra trademark for essential and/or aromatic oils.

27. Defendants publically and commercially used the SOLACE mark as a doTerra trademark for essential and/or aromatic oils.

28. Upon information and belief, Defendants have willfully and intentionally engaged in the foregoing activities with the knowledge that the SOLACE® Trademark was used and registered by Ambre Blends and that the advertisement, sale and marketing of their products using the SOLACE® Trademark was unauthorized.

29. Upon information and belief, Defendants failed to conduct an adequate trademark review and clearance search prior to adopting and engaging in the unauthorized use of the SOLACE® Trademark.

30. Upon information and belief, Defendants' advertisement, sale and marketing of products using the SOLACE® Trademark without permission is, and has been, a deliberate attempt to trade on the valuable trademark rights and goodwill established by Ambre Blends in the SOLACE® Trademark.

31. Upon information and belief, Defendants engaged in the foregoing actions with the intent that Defendants' use of the SOLACE® Trademark would cause confusion, mistake or deception among members of the general public.

32. Defendants have improperly traded on, and profited from, the goodwill and reputation established by Ambre Blends.

33. Upon information and belief, Defendants have encouraged and facilitated their customers, including, but not limited to, distributers and resellers, to improperly advertise,

promote, sell, distribute, and or provide, Defendants' essential and/or aromatic oil based products using the SOLACE® Trademark without the permission of Ambre Blends.

## Count I: Trademark Infringement

34. Ambre Blends incorporates by reference the allegations in paragraphs 1 - 30 above as if separately repeated here.

35. Defendants' conduct as described herein violates 15 U.S.C. §1114(1) which specifically forbids Defendant to:

    a. use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which use is likely to cause confusion, or to cause mistake, or to deceive, or

    b. reproduce, counterfeit, copy, or colorably imitate a registered mark and apply such reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints, packages, wrappers, receptacles or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive.

36. Defendants' conduct also constitutes common law trademark infringement, trade dress infringement, and contributory trademark infringement.

37. These wrongful acts were committed with knowledge that such imitation, as described herein, was intended to cause confusion, reverse confusion, mistake, or deception.

38. As a result of Defendants' conduct, Ambre Blends has been damaged and is entitled to damages, including but not limited to, Defendants' profits from the sale of all infringing goods, actual damages, statutory damages, treble damages, corrective advertising damages, costs of litigation, and attorneys' fees.

**Count II: False Designation Of Origin**

39. Ambre Blends incorporates by reference the allegations in paragraphs 1 - 38 above as if separately repeated here.

40. Defendants' conduct as described herein violates 15 U.S.C. §1125(a)(1)(A) which specifically prohibits it from making:

> in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which:
>
> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the original, sponsorship, or approval of his or her goods, services of commercial activities by another person . . . .

41. Ambre Blends has been damaged and/or is likely to be damaged by the wrongful conduct of Defendants.

42. Defendants' violations of 15 U.S.C. §1125(a) entitle Ambre Blends to recover damages, including but not limited to, Defendants' profits from the sale of all infringing goods, actual damages, treble damages, corrective advertising damages, litigation costs, and attorneys' fees.

**Count III: Unfair Competition**

43. Ambre Blends incorporates by reference the allegations in paragraphs 1 - 42 above as if separately repeated here.

44. Defendants' unlawful and unauthorized use of the SOLACE® Trademark constitutes unfair competition with Ambre Blends. Defendants' conduct was, and continues to be, designed to cause confusion in the public mind as to the source and origin of such unauthorized products. Defendants' conduct was, and continues to be, calculated to cause

damage to Ambre Blends in its lawful business and done with the unlawful purpose of causing such damage without right or justifiable cause.

45. Defendants' conduct as described herein has directly and proximately caused Ambre Blends to incur substantial monetary damages.

46. Defendants acted willfully and maliciously and with full knowledge of the adverse effect of his wrongful conduct upon Ambre Blends and with the conscious disregard for the rights of those parties.

47. Defendants' unfair competition entitles Ambre Blends to recover damages including, but not limited to, Defendant's profits from the sale of the infringing products, actual damages, corrective advertising damages, costs of suit, and attorneys' fees.

### Count IV: Forgery

48. Ambre Blends incorporates by reference the allegations in paragraphs 1 - 47 above as if separately repeated here.

49. Defendants knowingly or intentionally made or uttered a written instrument in such a manner that it purported to have been made by Ambre Blends.

50. Defendants possessed more than one (1) written instrument knowing that the written instruments were made in a manner that they purported to have been made by another person, specifically Ambre Blends.

51. Defendants, with the intent to defraud, made, uttered or possessed a written instrument in such a manner that it purports to have been made by another person, specifically Ambre Blends.

52. Ambre Blends did not give Defendants the authority to make, or possess, or disseminate the SOLACE® Trademark or any goods featuring the SOLACE® Trademark.

53. Defendants' acts have damaged, and will continue to damage, Ambre Blends, and Ambre Blends has no adequate remedy at law.

54. In addition to injunctive relief, Ambre, Blends also seeks an award of actual damages, treble damages, costs and attorney's fees, pursuant to the Indiana Crime Victims Act, IC §34-24-3-1, for pecuniary losses resulting from Defendants' forgery even though monetary damages alone are inadequate to fully compensate Ambre Blends for Defendants' conduct.

### COUNT V: Corrective Advertising Damages

55. Ambre Blends incorporates by reference the allegations in paragraphs 1 - 54 above as if separately repeated here.

56. Defendants have published, promoted and advertised material regarding the goods sold under the SOLACE® Trademark throughout the United States, including in Indiana.

57. Such publication and advertising was, and is, unauthorized, and the acts of publishing and advertising, standing alone, are wrongful and caused damages to Ambre Blends.

58. Ambre Blends seeks an award of such damages necessary to remedy those wrongs and to correct the misinformation in the marketplace resulting from the unauthorized and unlawful publications and advertisements.

### Count VI: Declaratory Judgment

59. Ambre Blends incorporates by reference the allegations in paragraphs 1 - 58 above as if separately repeated here.

60. An actual controversy has arisen and now exists between Ambre Blends and Defendants regarding Defendants' unauthorized and unlicensed use of the SOLACE® Trademark by Defendants in its advertising, sale and distribution of unlicensed goods.

61. The dispute between the parties includes, but is not limited to, whether Defendants have violated §§ 114(1) and 1125(a) of Title 15 of the United States Code or has otherwise engaged in unfair competition of violations of the common law, including, but not limited to, trademark infringement.

62. Ambre Blends desires a judicial determination of the rights of Ambre Blends and Defendants regarding the rights to usage of the SOLACE® Trademark and such a determination is necessary and appropriate at this time.

### Count VII: Preliminary and Permanent Injunctive Relief

63. Ambre Blends incorporates by reference the allegations in paragraphs 1 - 62 above as if separately repeated here.

64. As a result of Defendants' violations of the Lanham Act, Defendants' unfair competition, as well as other causes of action stated herein, Ambre Blends has suffered and will continue to suffer irreparable harm to their businesses and business' reputation.

65. If Defendants are not enjoined from using the SOLACE® Trademark, Ambre Blends will continue to suffer irreparable harm.

66. Ambre Blends is entitled to a preliminary and permanent injunction prohibiting Defendants from marketing or otherwise selling any goods utilizing the SOLACE® Trademark, and other fair and equitable relief.

### Prayer For Relief

**WHEREFORE**, Ambre Blends seeks the following relief:

    a.    A declaratory judgment that Defendants have:

    (i)    Violated 15 U.S.C. § 1114 and other statutory and common law authority by infringing upon the SOLACE® Trademark and trade dress; and

    (ii)    Violated 15 U.S.C. § 1125(a) and other statutory and common law authority by falsely designating the origin of goods or engaging in false or misleading descriptions or representations of fact with respect to the origin of goods in a manner likely to cause confusion, mistake or deception among consumers as to the affiliation, connection or association of Defendants and Defendants' goods with Ambre Blends; and

    (iii)    Engaged in unfair competition by causing confusion in the minds of consumers and general public as to the source and sponsorship of goods sold by Defendants; and

    (iv)    Engaged in violations of IC §35-43-5-2 and other statutory and common law authority by forging the SOLACE® Trademark; and

    b.    That, pursuant to 15 U.S.C. § 1116, Defendants and their owners, partners, officers, directors, agents, servants, employees, representatives, licensees, subsidiaries, manufacturers and distributors, jointly and severally, be enjoined throughout the world during the pendency of this action, and permanently thereafter from:

    (i)    Infringing on the SOLACE® Trademark in any manner; and

    (ii)    Manufacturing, marketing, advertising, selling, promoting, licensing, exhibiting or displaying any product or service using the SOLACE® Trademark; and

    (iii)    Otherwise infringing on the SOLACE® Trademark; and

    (iv)    Using any false description, representation, or designation, or otherwise engaging in conduct that is likely to create an erroneous impression that Defendants' goods are

endorsed by Ambre Blends or any related company, sponsored by Ambre Blends or any related company, or are connected in any way with Ambre Blends or any related company; and

    (v) Using the SOLACE® Trademark in any manner whatsoever;

    (vi) Using the SOLACE® Trademark in any domain name or web address;

    (vii) Holding itself out as a licensee or otherwise authorized user of the SOLACE® Trademark; and

    (viii) Using the SOLACE® Trademark in promotional literature or materials, including those posted on the Internet.

  c. That, pursuant to 15 U.S.C. § 1117, Ambre Blends be awarded such damages available under the Lanham Act, including but not limited to, actual damages, statutory damages, Defendants' profits, treble damages, costs of suit and attorney's fees;

  d. That Defendants be required to sign over the rights to any domain name that includes the SOLACE® Trademark to Ambre Blends;

  e. That Ambre Blends be awarded its corrective advertising damages and all other damages arising from the unlawful and unauthorized advertisements and publications;

  f. That Ambre Blends be awarded such other damages, including but not limited to, punitive damages, to which may show itself entitled to recover;

  g. All other just and proper relief.

### Jury Demand

Ambre Blends demands a trial by jury on all issues so triable.

Respectfully submitted,

_____
Jonathan G. Polak
Amy L. Wright
M. Zach Gordon
TAFT STETTINIUS & HOLLISTER LLP
One Indiana Square, Suite 3500
Indianapolis, IN 46240
(317) 713-3500
jpolak@taftlaw.com
awright@taftlaw.com
zgordon@taftlaw.com

1982114.1